ADELA VALENTÍN VALLE, ETC., Appellant, *v.* REGISTRAR OF
PROPERTY OF AGUADILLA, Respondent.

No. 1113. Submitted November 17, 1942.—Decided December 23, 1942.

*B. Esteves* for petitioner.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Adela Valentín Valle, mother with *patria potestas* over
the minor Nicolás Jiménez Valentín, sought and obtained
from the District Court of Aguadilla authorization to sell at
public auction, a one-third undivided interest of a property
belonging to said minor. In the order rendered by the court
the following was also authorized:

"Likewise, said petitioner is hereby authorized to secure by means
of a mortgage the amount of the price of said undivided interest,
which amount is fixed in the minimum sum of $400 for the purposes
of the public sale, and that said mortgage should be constituted for

a period of not more than two years with annual interest of 9 per cent and it should be recorded in the Registry of Property."

The public sale was accordingly held and after all the. legal proceedings were fulfilled, the undivided interest was awarded for the amount of $400 fixed by the court to Mr. Víctor J. Rodón, who was the owner of the other two-thirds of the property. The same having been awarded, the marshal executed a deed of judicial sale in favor of Rodón, and in the same deed the purchaser admitted that he owed the purchase price and constituted a mortgage in favor of the minor Nicolás Jiménez on the property according to the pronouncement of the order of the court. Upon the deed being presented for record in the Registry of Property of Aguadilla, the registrar first recorded the same but later recommended and denied record thereof on the ground that "at the public sale held in the proceeding of Judicial Authorization, Civil case No. 14129 of the District Court of Aguadilla, the proceeds of said sale should have been paid in cash." From that decision the present administrative appeal has been taken.

 Section 616 of the Code of Civil Procedure (§82 of the Law of Special Legal Proceedings) provides in its first paragraph as follows:

"Whenever the judge should authorize the petitioner to execute any act or contract whereby the minor or incapacitated person is to receive money or any other values, the decision shall determine the manner in which the placing or investment of the thing acquired shall be made and it shall be the duty of the district attorney to see, as he may deem best, that the judicial decision be complied with."

This provision does not provide as is alleged by the registrar, that the proceeds from the judicial sale should have been paid to the marshal in cash and that subsequently the petitioner should again go to the court to obtain another judicial authorization for the investment thereof. This proceeding attaches when in the original petition the invest-

ment of the money obtained at the public sale is not sought. ■ However, the registrar in his brief sets forth other reasons which show the correctness of his refusal to record the document in this case and says:

"How is it possible that the investment of the moneys of the minor should be ordered *a priori* in the hands of a debtor whose identity is unknown and the security of which there is no way of knowing?

"The identity of the bidder who obtains the award at a public sale can not be anticipated. This being so, the prosecuting attorney can not suggest and neither can the court ascertain the personal conditions of the debtor nor the solvency of the guaranty which are the requirements of the law in order to protect the interests of minors."

It is true that the brief is not the document in which the registrar should assign the legal reasons for his decision, but it is his duty to set out clearly and concisely at the foot of the document the legal reasons for his refusal, pursuant to the Act of March 1, 1902; *Machuca, Sons & Co.* v. *Registrar*, 22 P.R.R. 701; *Graciani* v. *Registrar of San Germán*, 25 P.R.R. 41, *United Firemen's Ins. Co.* v. *Registrar*, 45 P. R.R. 576. Notwithstanding this, the last case cited as well as the *Machuca* case, *supra*, were considered by this court on their merits and the decisions appealed from were affirmed because the facts justified it. In the case at bar we are likewise justified in doing the same thing because in this case there are involved the rights of a minor. The courts of justice should exercise their power of *parens patriae* at any time when they realize that said rights may be impaired.

■ In its order the District Court of Aguadilla set forth only the conditions of the mortgage which the mother of the minor was authorized to execute in order to secure the proceeds of the condominium sold at public sale. In said order, however, the court did not determine with all the certainty that is required for the protection of the minor's interests as provided by §616 *supra*, over which specific prop-

erty the mortgage should be constituted, and since it failed to do so, the prosecuting attorney was unable to comply with the duty imposed upon him by said section to see that the judicial decision was complied with. The district courts as well as the prosecuting attorneys must comply strictly with these legal requirements in order that minors' interests may be duly protected. The court, in rendering its order authorizing the mother to secure by means of a mortgage the proceeds of the condominium, without further provision, failed to determine on which property the mortgage lien should be constituted. As a matter of fact, the minor alienated his ownership right on the undivided interest in order to acquire a mortgage right on an unknown property.

Although this point has not been appealed, it is astonishing that the lower court should appraise one-third of the undivided interest of the minor at only $400 while from the registry it appears that the other undivided interest of two-thirds is mortgaged in the amount of $2,500. There is no showing in the order of the court as to the reason for this lack of proportion in the appraisal of the undivided interest, for if the rest of the property can hold a mortgage lien of $2,500 it is because its value is much greater.

We are of the opinion that the judicial authorization for the investment of the money obtained at the sale of the undivided interest of the minor did not comply with the statutory requirements, and therefore the decision appealed from must be affirmed.